UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABDUL PEAY | : | |
| | : | PRISONER |
| v. | : | Case No. 3:10-cv-85 (CFD) |
| | : | |
| WARDEN | : | |

**RULING ON RESPONDENT'S MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS [Dkt. No. 15]**

Petitioner, Abdul Peay, currently confined at the Osborn Correctional Institution in Somers, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his state court conviction for burglary, assault and interfering with an officer. The respondent moves to dismiss the petition on the ground that Peay has not exhausted his state court remedies with regard to all grounds for relief. In response, Peay has filed an amended petition for writ of habeas corpus. For the reasons that follow, the respondent's motion is denied.

**I.    Standard of Review**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

**II.    Procedural Background**

Following a jury trial, Peay was convicted of two counts of burglary in the first

degree, one count of assault in the second degree and one count of interfering with a peace officer. He was sentenced to a total effective term of imprisonment of twelve years. Five years of the sentence was a mandatory minimum sentence. *See* Resp't's Mem. App. B, Record on Appeal, at 26.

On direct appeal to the Connecticut Appellate Court, Peay raised four claims: (1) the trial court improperly failed to admit into evidence two 911 tapes; (2) conviction on two counts of burglary violated Peay's right to be free from double jeopardy; (3) there was insufficient evidence to support his conviction: and (4) the presentence investigation report was inaccurate. *State v. Peay*, 900 A.2d 577, 580-81 (Conn. App. 2006). The Connecticut Appellate Court affirmed Peay's conviction. *Id.* at 581.

Peay then sought certification from the Connecticut Supreme Court on two grounds: (1) the conviction on two counts of burglary violated Peay's right to be free from double jeopardy and (2) the trial court improperly excluded the 911 tapes. Resp't's Mem. App. F, Petition for Certification, at 1. On September 20, 2006, the Connecticut Supreme Court denied the petition for certification. *State v. Peay*, 908 A.2d 541 (Conn. 2006).

On March 11, 2004, Peay filed an application for review of his sentence with the Sentence Review Division of the Connecticut Superior Court. Resp't's Mem. App. K, Record Upon Writ of Error, at 5. The Sentence Review Division affirmed the sentence. Resp't's Mem. App. I; *State v. Peay*, No. H14HCR03569925, 2006 WL 3691571 (Conn. Super. Ct. Nov. 29, 2006). Peay challenged this decision by writ of error. Resp't's Mem. App. K at 1-3. The Connecticut Appellate Court dismissed the writ of error concluding that Peay failed to brief his claims adequately and failed to provide the court

with an adequate record for review and the Connecticut Supreme Court denied Peay's petition for certification. *State v. Peay*, 959 A.2d 655, 657 (Conn. App. 2008), *cert. denied*, 970 A.2d 729 (Conn. 2009).

On March 21, 2005, while his direct appeal was pending, Peay filed a petition for writ of habeas corpus in state court. In the fifth amended petition, Peay asserts claims of ineffective assistance of trial counsel and appellate counsel. Resp't's Mem. App. S, Fifth Amended Petition.

### III.    Discussion

In the original habeas petition, Peay challenged his conviction on five grounds: (1) his conviction on two counts of burglary in the first degree violates his right to be free from double jeopardy; (2) the appellate court abused its discretion when it affirmed the trial court's exclusion of the 911 tapes; (3) there was insufficient evidence to support Peay's conviction; (4) Peay's sentence was illegal; and (5) the presentence investigation report was inaccurate.

On June 17, 2010, the respondent filed a motion to dismiss on the ground that Peay had not exhausted his state court remedies with regard to three of the five grounds contained in the original petition. In response, Peay has filed an amended petition challenging his conviction on three grounds: (1) his conviction on two counts of burglary in the first degree violates his right to be free from double jeopardy; (2) abuse of discretion regarding exclusion of the 911 tapes; and (3) illegal sentence. The Court will consider the respondent's motion to dismiss as applied to the amended petition.

The respondent concedes that the first two grounds in the amended petition, the double jeopardy claim and the claim regarding exclusion of the 911 tapes, have been

3

exhausted. He argues that the third claim, the legality of Peay's sentence, is not exhausted.

The respondent construes the third claim both as a general argument that the sentence is illegal and a challenge to the decision of the Sentence Review Division's ruling. In the third ground of his amended petition, Peay states that his sentence is illegal because the Sentence Review Division referred to him as a career criminal. Peay contends that he was not charged at trial as a career criminal and the court acted improperly in affirming his sentence on that basis. Am. Pet. at 12-13. Thus, the Court construes this claim to challenge the decision of the Sentence Review Division and not as a general claim that Peay's sentence is illegal.

Peay filed a writ of error challenging the decision of the Sentence Review Division. The petition was dismissed by the Connecticut Appellate Court for failure to present a proper record for review and failure to properly brief the arguments. Peay's petition for certification to review the dismissal was denied by the Connecticut Supreme Court. The respondent does not argue that Peay has any state court remedies available to him at this point. Rather he argues that Peay is procedurally barred from obtaining federal relief on this claim.

Because Peay no longer has any state court remedies, his claims must be deemed exhausted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) ("If the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted.") (citing *Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991), *cert. denied*, 514 U.S. 1054 (1995). Although Peay's claim may be deemed exhausted, it may be unreviewable in this court due to procedural default. The

4

respondent may renew his procedural default argument in a response addressing the merits of Peay's claims.

## IV.     CONCLUSION

The respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [**Dkt. No. 15**] is **DENIED**. Within **forty-five (45)** days from the date of this order, the respondent is directed to show cause why the Amended Petition should not be granted.

**SO ORDERED.**

Dated this 18th day of October 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge